IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| DON LANG | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv154 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Plaintiff , an inmate at the Connally Unit, proceeding *pro se*, brought this civil rights suit

pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate

Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court.

The magistrate judge recommends plaintiff's complaint be dismissed for failing to exhaust tort claim

remedies available under the Federal Tort Claims Act.

The court has received and considered the Report and Recommendation of United States

Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available

evidence. No objections to the Report and Recommendation of United States Magistrate Judge were

filed by the parties.

Additionally, plaintiff's lawsuit is frivolous because it is barred by the doctrine in *Heck v.*

*Humphrey*, 512 U.S. 477, 486-87 (1994). In order to recover damages for allegedly unconstitutional

convictions or imprisonment, or for other harm caused by actions whose unlawfulness would render

a conviction or sentence invalid, a plaintiff must prove that the imprisonment or its duration has been

reversed on direct appeal, expunged by executive order, or called into question by a federal court's

issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Id*. A claim for damages based on a conviction or sentence that has not been so invalidated does not state a cause of action. The principle that civil tort actions are not appropriate vehicles for challenging actions relating to the validity of confinement applies to lawsuits that necessarily require the plaintiff to prove the unlawfulness of the duration of his confinement. *Id*. at 487.

As a result, when a prisoner seeks damages in a civil rights lawsuit, the court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the duration of plaintiff's confinement. If it would, the complaint must be dismissed unless the plaintiff can demonstrate that the proceeding relating to the duration of his confinement has already been invalidated. *Id.* If, however, the court determines that the plaintiff's action, even if successful, would not demonstrate the invalidity of the duration of plaintiff's confinement, the action should be allowed to proceed, in the absence of any other bar to the suit. *Id*.

In this lawsuit, plaintiff asserts his civil rights were violated because of false information allegedly stated in criminal case no. 44580-07 which were used as probable cause for initiating charges against him for aggravated assault on a public servant in his criminal cause no. 07-01321. If plaintiff were to prevail in this lawsuit, such a result would imply invalidity of plaintiff's conviction or duration of his confinement. Accordingly, plaintiff would be entitled to proceed with this claim only if the *Heck* requirements regarding a prior finding as to the invalidity of the conviction or confinement were satisfied. Plaintiff, however, does not assert that the *Heck* requirements have been satisfied with respect to the conviction or confinement. Thus, *Heck* bars him from proceeding with this claim seeking monetary damages.

Further, the action fails to state a claim upon which relief may be granted because plaintiff's claims are barred by limitations. Plaintiff complains of an offense report written on July 15, 2007 and subsequent acts taken against him through September 21, 2009; however, he did not file his complaint until March 2014. The statute of limitations for a tort claim against the United States provides:

> A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing ... of notice of final denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b)(1994). "[T]his statute requires a claimant to file an administrative claim within two years [of accrual] and file suit within six months of its denial." *Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001) (quoting *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987)). "It is well-settled that these limitation periods are jurisdictional." *Flory v. United States*, 138 F.3d 157, 159 (5th Cir. 1998). Also, "[a] *Bivens* action is controlled by the applicable state statute of limitations." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 590 (5th Cir. 1999). The Fifth Circuit Court of Appeals, applying Texas law, held that the statute of limitations period on a *Bivens* claim is two years. *Id.; Pena v. United States*, 157 F.3d 984, 987 (5th Cir. 1998).

Here, plaintiff's claims were not filed until five to seven years after the date of the incidents which form the basis of this complaint. Accordingly, plaintiff's claims are untimely. Thus, plaintiff's complaint should be dismissed as frivolous and for failing to state a claim upon which relief should be granted.

Finally, to the extent plaintiff's complaint may be interpreted as asserting state law claims, this court declines to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c).

## O R D E R

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct

and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case

in accordance with the magistrate judge's recommendations and the reasons set forth in this opinion.

**SIGNED** this the **14** day of **July, 2014.**

_____
Thad Heartfield
United States District Judge